UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CASTLE 8604, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:26-cv-00105-JRS-MJD |
| SELECTIVE INSURANCE COMPANY, | ) ) ) |
| Defendant. | ) |

**ORDER DENYING PLAINTIFF'S MOTION TO
MAINTAIN DOCUMENT UNDER SEAL**

Plaintiff Castle 8604 LLC has filed a Motion to Maintain under Seal portions of its Rule 7.1 Disclosure Statement in order to shield the names of its individual members from public view. [Dkt. 18.] For the reasons explained below, the motion is **DENIED**.

**I. Background**

This case involves an insurance coverage dispute arising from a damaged water pipe. [Dkt. 1-2 at 1-11.] Plaintiff filed the case in state court, and Defendant later removed the case to federal court based on diversity of citizenship jurisdiction under 28 U.S.C. § 1332. [Dkt. 1.] Because the Court's subject matter jurisdiction derives from the Parties' diversity of citizenship, each Party filed a disclosure statement pursuant to Federal Rule of Civil Procedure 7.1(a)(2) listing the name and citizenship of every individual or entity whose citizenship is attributed to that party. Fed. R. Civ. P. 7.1(a)(2). These statements are commonly referred to as "Rule 7.1 Disclosure Statements."

Courts have subject matter jurisdiction over cases between parties who are citizens of different states when the amount in controversy, exclusive of interest and costs, exceeds $75,000. 28 U.S.C. § 1332(a)(2). Plaintiff is a limited liability company, so its citizenship is attributable to that of each of its members or equity investors. *Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir. 2006) (collecting cases). According to their Rule 7.1 Disclosure Statement, Plaintiff's members and equity investors are citizens of either Israel or Ireland, and Defendant is a corporation organized under the laws of New Jersey with its principal place of business in New Jersey. [Dkts. 11, 17]. Accordingly, Plaintiff is a citizen of Israel and Ireland, and Defendant is a citizen of New Jersey. 28 U.S.C. § 1332(c)(1). The Parties Rule 7.1 Disclosure Statements indicate that there may be complete diversity of citizenship between the Parties and that the Court may have subject matter jurisdiction over these proceedings.[1] 28 U.S.C. § 1332(a)(2).

Plaintiff now moves to maintain portions of its Rule 7.1 Disclosure Statement under seal. [Dkt. 18.] In support of that motion, Plaintiff argues that its Israeli members "have genuine and legitimate fears over being publicly identified in public records given the recent rise in antisemitic conduct and rhetoric that has been aimed at Jewish groups and individuals, especially over the last several years." [Dkt. 19 at 2.] Plaintiff notes that its Israeli members "have friends and family in the United States" and that "many regularly visit the United States." *Id.* at 3. Plaintiff notes that its members would not have been required to publicly disclose their identities if the case had not been removed from state court, which was Plaintiff's chosen forum. *Id.* at 3. Plaintiff argues that Rule 7.1 Disclosure Statements are not presumptively open to public view

---

[1] As explained *infra* in Section IV, Plaintiff's Rule 7.1 Disclosure Statement is deficient because it does not account for an exception to the general rule that there is diversity of citizenship between a citizen of a State and a citizen or subject of a foreign state, and Plaintiff will be ordered to file an Amended Rule 7.1 Disclosure Statement to ensure that there is complete diversity of citizenship between the Parties.

because they do not affect the disposition of the case. *Id.* Plaintiff predicts that it may be necessary for its members to publicly disclose their identities at some point during the course of this case but believes that such public disclosures should be litigated in a piecemeal fashion, if necessary, as this case progresses. *Id.* at 3-4. Defendant has not filed a response to Plaintiff's Motion to Maintain Document under Seal, and the time to do so has passed. *See* S.D. Ind. Local Rule 5-11(f) (a brief in opposition to a motion to seal is due within 14 days of service of the brief in support). The motion is now ripe for the Court's review.

## II. Legal Standard

Courts must take care when determining whether to seal documents and thus shield them from the public. This is because "[d]ocuments that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010); *see Bond v. Utreras*, 585 F.3d 1061, 1073 (7th Cir. 2009) ("It is beyond dispute that most documents filed in court are presumptively open to the public."). This long-standing presumption of public access may be rebutted under certain circumstances, however. For example, a litigant may request to "conceal trade secrets, and, if there are compelling reasons of personal privacy, to litigate under a pseudonym." *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 832 (7th Cir. 2013) Still, "very few categories of documents are kept confidential once their bearing on the merits of a suit has been revealed." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002).

A party may therefore only file a document under seal if it has shown "good cause" to do so. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999); *see In re Bridgestone / Firestone, Inc., ATX, ATX II, & Wilderness Tires Prods. Liab. Litig.*, 198 F.R.D. 654, 656 (S.D. Ind. 2001) ("The good cause determination requires at least 'a

description of the documents and the reasons for their sealing.'") (quoting *In re Associated Press*, 162 F.3d 503, 510 (7th Cir. 1998)). It is not enough to merely assert that disclosure would be harmful; a party must explain how disclosure would cause harm. *Baxter*, 297 F.3d at 547. Moreover, simply designating information as confidential is insufficient to permit under-seal filing, *see Union Oil Co. of California v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000) (explaining that requests to seal documents based on confidentiality orders have been uniformly rejected unless good cause exists), and "[a] protective order does not authorize a party to file a document under seal." Local R. 5-11(d)(1)(D).

### III. Discussion

Plaintiff has not shown good cause to maintain its Rule 7.1 Disclosure Statement under seal, and the motion is therefore denied.

As an initial matter, the Court disagrees with Plaintiff's argument that its Rule 7.1 Disclosure Statement will not affect the disposition of this case. To the contrary, the disclosure statement goes to the heart of what is, at this juncture at least, the fundamental issue in this case—that is to say, the Court's subject matter jurisdiction over these proceedings. "Jurisdiction is the 'power to declare law,' and without it the federal courts cannot proceed." *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999)). "Accordingly, not only may the federal courts police subject matter jurisdiction *sua sponte*, they must." *Id.* Plaintiff does not acknowledge this well-established principle or provide any relevant authority for its position that Rule 7.1 Disclosure Statements are not presumptively open to public view. Accordingly, its Rule 7.1 Disclosure Statement may be sealed only upon a showing of good cause. *Citizens First Nat'l Bank of Princeton*, 178 F.3d at 945.

Further, Plaintiff has not shown that unsealing its Rule 7.1 Disclosure Statement will place its members at risk of harassment or other harm.  The disclosure statement merely lists the names of Plaintiff's members—many and perhaps all of whom reside outside the United States—and does not contain other information that would likely cause them to become targets of harassment or retaliation.  Plaintiff's disclosure statement does not, for example, disclose its members' addresses, contact information, or the identities of their friends or family members living in the United States, nor does Plaintiff's disclosure statement indicate when, where, or how its members will next arrive in the United States.  What's more, this case is a fairly standard insurance coverage dispute and as such does not involve contentious social or political issues that are likely to inflame public passions, garner public attention, or lead to harassment of the litigants.

Plaintiff should not be surprised that it is required to list the names of its members in a Rule 7.1 Disclosure Statement.  Although Plaintiff filed this case in state court, where there is no need to file Rule 7.1 Disclosure Statements, removal to federal court was a strong possibility given Plaintiff's citizenship and the damages alleged in the Complaint.  Plaintiff's argument that it reasonably believed it would not need to disclose the names of its members when it filed this lawsuit is therefore unpersuasive.  Finally, Plaintiff's proposal to litigate the public disclosure of its members' identities in a piecemeal fashion as this case proceeds would lead to unnecessary motions practice that could delay the proceedings and is also unpersuasive.

The Court is deeply saddened by the current rise in antisemitism in the United States, but Plaintiff's motion, if granted, would set an unworkable precedent whereby any litigant or interested party could presumptively shield their identity from public view if they belong to a racial, ethnic, religious, cultural, or other protected group that is targeted with repugnant

discrimination or harassment. In some cases, there may be good cause to allow litigants or interested parties to proceed anonymously or by pseudonym, *see, e.g.*, *Doe I v. South Madison Community School Corporation*, 2024 WL 4476294 (S.D. Ind. Oct. 11, 2024), but Plaintiff has not shown that this is such a case. Accordingly, Plaintiff's Motion to Maintain Document under Seal is **DENIED**.

### IV. Conclusion

Plaintiff's Motion to Maintain Document under Seal is **DENIED**. [Dkt. 18.] The **Clerk is directed** to unseal Plaintiff's Rule 7.1 Disclosure Statement at Docket No. 17. Pursuant to Local Rule 5-11(g), documents ordered unsealed by this Order shall be unsealed after 21 days absent a Fed. R. Civ. P. 72(a) objection, a motion to reconsider, an appeal, or further court order.

As mentioned *supra* in Section II, Plaintiff's Rule 7.1 Disclosure Statement is deficient. Ordinarily, a citizen of a State and a citizen or subject of a foreign state are diverse parties. 28 U.S.C. § 1332(a)(2). There is an exception to this general rule, however, when a citizen or subject of a foreign state is "lawfully admitted for permanent residence in the United States and [is] domiciled in the same State" as an opposing party. *Id.* In such cases, district courts lack diversity jurisdiction over the action, and the matter will be dismissed or remanded to state court. *Id.* The Court surmises from Plaintiff's Motion to Maintain Document under Seal that its Israeli members are not domiciled in the United States and thus do not fall under this exception. *See* [Dkt. 19 at 3.] However, Plaintiff's Rule 7.1 Disclosure statement does not indicate whether the source of its Irish Citizenship, Michael Kennefick, could be (1) a permanent resident of the United States who (2) resides in the State of New Jersey. [Dkt. 17 at ¶ 4(e).] To eliminate that possibility and ensure that the Court has subject matter jurisdiction over these proceedings, Plaintiff is **ORDERED** to file an Amended Rule 7.1 Disclosure Statement **within 21 days of the**

**issuance of this Order**. Plaintiff's Amended Rule 7.1 Disclosure Statement must state whether each member or equity investor is a permanent resident of the United States and identify the State or foreign state where each member is domiciled.

    SO ORDERED.

Dated: 2 MAR 2026

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email